January 22, 1979

## 79-7   MEMORANDUM OPINION FOR THE DIRECTOR, FEDERAL BUREAU OF INVESTIGATION

### Federal Bureau of Investigation—Disclosure of Criminal Record—Admission to the Bar

This responds to your request for our opinion whether the Florida Board of Bar Examiners is authorized to receive criminal history record information maintained by the Federal Bureau of Investigation (FBI) for the purpose of investigating the character of applicants for admission to the bar. We understand that there is no Florida statute that authorizes criminal history record exchanges between the Board and the FBI. The Board is established by rule of the Florida Supreme Court under that court's inherent judicial authority to regulate admission to the bar.[1] By rule of the court, the Board is authorized to investigate the character and fitness of applicants for admission.[2] The Board's own rules require that applicants submit fingerprints.[3] On the basis of these facts, we concur in your conclusion that neither § 201 of the Act of October 25, 1972, 86 Stat. 1115, 28 U.S.C. § 534 note, nor 28 CFR § 20.33(a)(1), authorizes the FBI to provide the Board the criminal history record information for the purpose of determining the fitness of bar applicants.

Under 28 CFR § 20.33(a)(1), the FBI may make criminal record history information available to "criminal justice agencies for criminal justice purposes." The Commissioner of the Florida Department of Law Enforcement argues that the Board of Bar Examiners is a "criminal justice agency," as defined by 28 CFR § 20.3(c), and is therefore authorized to receive that information. We need not decide this point. The "administration of criminal justice," as defined by 28 CFR § 20.3(d), includes only

---

[1] *See* Fla. Stat. Ann. § 454.021; Rules of the Florida Supreme Court Relating to Admissions to the Bar, Art. 1, § 2; *see generally, Barr* v. *Watts*, 70 So. 2d 347, 350 (1953).

[2] Rules of the Florida Supreme Court Relating to Admissions to the Bar, Art. 2, § 12.

[3] Rules of the Florida Board of Examiners, Rule II, §10(4).

the detection and prosecution of crimes, the administration of pretrial release, and the operation of a correctional system. It does not include the licensing of attorneys to practice law. *See generally, Menard* v. *Mitchell*, 328 F. Supp. 718, 726–27 (D.D.C. 1971, *aff'd in part, rev'd in part on other grounds sub nom. Menard* v. *Saxbe*, 498 F. (2d) 1017 (D.C. Cir. 1974)). Regardless of whether the Board is a criminal justice agency, 28 CFR § 20.33(a)(1) does not authorize it to receive criminal record history information for the purpose of determining the character of applicants to the bar.

Under § 201 of the Act, as implemented by 28 CFR § 20.33(a)(3), the FBI may provide criminal record history information to a State for employment or licensing purposes only if "authorized by State statute." Section 201 was enacted in response to the *Menard* decision. It held that the FBI lacked authority under then existing law to disseminate criminal history information outside the Federal Government for employment or licensing purposes. It also stated that statutes governing the dissemination of criminal history information must be strictly construed to avoid serious constitutional issues. The express restrictive language of § 201, when read in the light of *Menard*, requires a narrow interpretation of State authority to receive criminal history information from the FBI for employment or licensing use.

Accordingly, this Office has construed § 201 to permit a State board of bar examiners to obtain criminal history information from the FBI only when a statute expressly authorized it to fingerprint applicants or to exchange criminal history information with other agencies. As your memorandum points out, we have specifically concluded that court or administrative rules based on general authority to regulate admission to the bar do not meet the requirements of § 201. The facts in this case are identical to those in our prior opinion on the subject.

The State has argued that the rules of the Florida Supreme Court requiring bar applicants to be fingerprinted are the full equivalent of a statute because that court has authority superior to the legislature in this area. However, the Florida court has held that the legislature has "concurrent" power to regulate bar admissions. *See, Barr* v. *Watts*, 70 So.2d 347, 350 (1953). It is therefore questionable as a matter of Florida law whether the legislature lacks power to enact a statute requiring fingerprinting. More importantly, the language of § 201 is explicit. Had Congress wished to permit dissemination authorized by judicial or administrative rule, it could easily have done so by having the section read "by law" instead of "by statute." In the light of the *Menard* decision, this choice of language must be given effect.

MARY C. LAWTON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*